17896

The STATE, Respondent, v. John Edward GALLOWAY, Appellant
(124 S. E. (2d) 910)

*Messrs. J. Wiley Brown* and *Julius B. Aiken,* of Greenville, *for Appellant,*

*Messrs. James R. Mann, Solicitor,* and *G. M. Ashmore, Assistant Solicitor,* of Greenville, *for Respondent,*

April 5, 1962.

LEWIS, Justice.

The defendant-appellant, John Edward Galloway, was convicted in Magistrate's Court of the violation of Section 64-1 of the 1952 Code of Laws of South Carolina, and has appealed from such conviction.

Section 64-1 of the Code of Laws provides as follows:

"No public sports or pastimes, such as bear-baiting, bull-baiting, football playing, horse-racing, interludes or com-

mon plays, or other games, exercises, sports or pastimes, such as hunting, shooting, chasing game or fishing, shall be used on Sunday by any person whatsoever."

The facts are not in dispute. The Greenville Rough Riders Motorcycle Club is, according to its charter, a nonprofit organization, organized to engage in and promote the sport of motorcycle racing. There was some testimony that any profit derived from the operation of the club would be donated to charity. It has about twenty to twenty-eight members. The club leases a tract of land in open country about eighteen miles from Greenville, South Carolina, on which it has a track for the holding of its races. On Sunday afternoon, January 22, 1961, a motorcycle race between two drivers was held on the club's race track, supervised by the appellant as president of the club. The public was invited to attend the race and seven or eight spectators attended. No admission fee was charged, but printed tickets which solicited donations to the club were given to each spectator as they arrived. Some, but not all, of those present on the occasion in question made donations. None were denied admittance to the race because they did not make a donation. At the conclusion of the race a trophy was presented to the winner. Appellant was convicted under these facts of engaging in a public sport on Sunday in violation of the foregoing statute.

The appellant contends that his conviction should be reversed and set aside because (1) motorcycle racing is not banned on Sunday by the statute since it is not named therein as one of the prohibited sports and (2), if included within the terms of the statute, the motorcycle racing engaged in by appellant on the occasion in question was a private rather than a public sport.

The position of the appellant that motorcycle racing is not included within the ban of the statute cannot be sustained. Following the construction heretofore placed upon Section 64-1 by this Court we conclude that

motorcycle racing is included within the sports prohibited by the statute, although not specifically named therein. Like conclusion was reached with reference to automobile racing in the case of *Bishop v. Hanna,* 218 S. C. 474, 63 S. E. (2d) 308, 24 A. L. R. (2d) 808, and we find no sound distinction between motorcycle and automobile racing so as to require a different result here.

The appellant next contends that the motorcycle race in question was a private rather than a public sport and, therefore, not within the prohibition of the statute.

Section 64-1 makes it unlawful for any person to engage in a *public* sport on Sunday, but does not prohibit a *private* sport engaged in solely for the entertainment and pleasure of those who participate therein. *Palmetto Golf Club v. Robinson,* 143 S. C. 347, 141 S. E. 610. To constitute a violation of the Statute, therefore, it must be shown that the defendant engaged in a *public* sport on Sunday.

The verdict of the Magistrate's Court, finding the defendant guilty of the violation of Section 64-1, carried with it a finding of fact that the defendant engaged, on the occasion in question, in a *public* sport on Sunday and our inquiry is limited to a determination of whether there is any competent evidence to sustain such finding relative to the public nature of the race in question. *State v. Edwards,* S. C., 123 S. E. (2d) 247.

A public sport may be defined in general as one given for the entertainment and pleasure of the public and to which the public, or some portion thereof, is invited. 73 C. J. S., Public, 279.

The testimony is undisputed that the public was invited to the motorcycle race in question and that members of the public attended. The advance printing of cards with which to solicit donations from the spectators is some indication that the race was not regarded by the defendant as altogether a private affair.

The defendant contends, however, that, since no admission fee was charged, the race could not be considered public. As stated by the lower Court in disposing of this argument, "the fact that admission was not charged the patrons does not change the character of the race from public to private. Payment of an admission fee is evidence of the public character, but not conclusive."

Cases dealing with the question here involved have been collected in an annotation in 24 A. L. R. (2d) 813. Construction by the Courts of other jurisdictions of statutes regulating or prohibiting sports and games on Sunday largely turn upon the wording of the particular statutes involved. Some of the statutes in other states have made the barring of Sunday sports dependent upon whether an admission fee is collected from the spectators. The statute here involved contains no such provision, but only contains a prohibition against *public* sports.

We think that the evidence in this case amply sustains the finding of the Magistrate's Court that the defendant engaged in a public sport on Sunday in violation of the foregoing Statute.

Affirmed.

TAYLOR, C. J., Moss and BUSSEY, JJ., and LEGGE, Acting J., concur.